UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK GEORGE BASSETT,

    Plaintiff,

v.

Case No. 2:11-cv-71
HON. ROBERT HOLMES BELL

LES WONG, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants Northern Michigan University (NMU) President Les Wong, Sault Ste. Marie Police Department, NMU Interim Director of Public Safety Michael J. Bath, and NMU Public Safety Officer Unknown Love. For the reasons set forth below, the undersigned recommends dismissal of Plaintiff's complaint in its entirety.

In the opinion of the undersigned, the matter should be dismissed as failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint may be dismissed for failure to state a claim if the court determines that the plaintiff would not be entitled to relief, even if everything alleged in the complaint was true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The undersigned notes that Plaintiff's complaint in this case is largely incomprehensible. Plaintiff appears to be asserting in his complaint that he was harassed by Defendant Love and is being improperly prevented from accessing any property owned by NMU.

In support of Plaintiff's complaint, he attaches a copy of a February 7, 2011, letter from Defendant Bath to himself, stating that because he had been involved in an "incident" on campus, and because he was not a student or employee of NMU, he was being prohibited from entering onto any property owned by NMU. Plaintiff was warned that if he violated the prohibition, he was subject to arrest on criminal trespassing charges. Plaintiff was further instructed that if he needed to enter into any prohibited areas for business or any other reason, he should clear the visit with NMU Public Safety. (Plaintiff's Exhibit A.)

Plaintiff claims that Defendants violated his right to be free from racial discrimination. To establish a violation of the Equal Protection Clause, a prison inmate must prove that a discriminatory intent or purpose against a disfavored class or excluded group was a factor in an action taken by prison officials. *See McCleskey v. Kemp*, 481 U.S. 279 (1987); *Heckler v. Mathews*, 465 U.S. 728 (1984); *Village of Arlington Heights v. Metropolitan Housing Development Corporation*, 429 U.S. 252, 265 (1977). The typical case involves allegations that state officials have discriminated on the basis of race or gender. In the instant action, Plaintiff has failed to plead with any specificity the basis of his equal protection claim, including the disfavored class within which he is a member or facts demonstrating a discriminatory purpose. Therefore, in the opinion of the undersigned, Plaintiff has failed to state a viable equal protection claim.

In addition, for the same reasons that the undersigned recommended dismissal of this action, the undersigned discerns no good-faith basis for an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1961).

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2011